# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| LUX GLOBAL LABEL COMPANY, LLC<br>2025 Joshua Road<br>Lafayette Hill, PA 19444 | ) ) ) ) | CASE NO. 1:18CV00138 |
| | ) | |
| Plaintiff, | ) ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) ) | |
| | ) | **FIRST AMENDED VERIFIED** |
| JAMES H. SHACKLETT, IV<br>152 Brook Farm Road<br>Wayne, PA 19087 | ) ) ) ) | **COMPLAINT FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY AND PERMANENT INJUNCTION, AND OTHER RELIEF** |
| and | ) ) | |
| | ) | **(Jury demand endorsed herein)** |
| CCL INDUSTRIES CORPORATION<br>(d/b/a CCL Label, CCL Tube, CCL<br>Industries, Inc.)<br>c/o Statutory Agent<br>Corporation Services Company<br>50 West Broad Street, Suite 1330<br>Columbus, Ohio 43215<br>and also at:<br>17700 Foltz Parkway<br>Strongsville, Ohio 44149 | ) ) ) ) ) ) ) ) ) ) ) | |
| and | ) ) | |
| XYZ CCL COMPANIES 1-100<br>Unknown address | ) ) ) | |
| | ) ) | |
| Defendants. | ) ) ) ) ) ) ) ) | |

NOW COMES Plaintiff, Lux Global Label Company, LLC ("Plaintiff" or "Lux") by and through its undersigned counsel, and for its First Amended Complaint against Defendants, James H. Shacklett IV ("Shacklett IV"), new parties Defendants CCL Industries, Inc., ("CCL") and XYZ CCL Companies 1-100 (also referred to as "CCL"), states as follows:

## THE PARTIES

1.      Plaintiff, Lux Global Label Company, LLC ("Plaintiff" or "Lux"), at all times pertinent hereto, was and is a duly organized and validly existing corporation under the laws of the State of Delaware with its principal office located at 2025 Joshua Road, Lafayette Hill, Pennsylvania 19444. Lux regularly conducts business in the State of Ohio, most recently having held a meeting of its Board of Managers ("Board meeting") in the Cleveland, Ohio area on July 7, and November 21, 2017.

2.      Defendant James H. Shacklett IV ("Defendant Shacklett") is an individual in the State of Pennsylvania who, upon information and belief, resides at 152 Brook Farm Road, Wayne, Pennsylvania. Upon information and belief, Defendant Shacklett is a manager at CCL Industries Corporation, its subdivisions or its d/b/a's of CCL Tube or CCL Label ("CCL").  CCL is a direct competitor of Plaintiff and operates a similar business of label printing.

3.      Defendant CCL Industries Corporation ("CCL") is a duly organized and validly existing corporation under the laws of the State of Delaware and licensed to conduct business in the State of Ohio. CCL and its multiple divisions operate throughout the United States and the world, including a location in 17700 Foltz Parkway, Strongsville, Ohio 44149. CCL is a direct competitor of Plaintiff and operates a similar business of label printing.

2

4.      Defendants XYZ CCL Companies 1-100 (also referred to as "CCL") are unknown entities, divisions, or subsidiaries held by or operating under the umbrella of CCL Industries Corporation in direct competition with Plaintiff.

## JURISDICTION AND VENUE

5.      Plaintiff brings this action pursuant to the Defend Trade Secrets Act ("DTSA") at 18 U.S.C. § 1836 *et seq*.  This Court possesses subject matter jurisdiction over Plaintiff's claim as it arises under the laws of the United States within the meaning of 28 U.S.C. § 1331.

6.      This Court possesses supplemental jurisdiction over Plaintiff's remaining claims pursuant to 28 U.S.C. § 1367.

7.      Venue is proper pursuant to 28 U.S.C. § 1391(b) because Plaintiff regularly does business in the District and Division and Defendant Shacklett performed work in the District and Division, including having attended a Board meeting on July 7, 2017 on behalf of Plaintiff where Plaintiff disclosed confidential, proprietary and trade secret information to Defendant Shacklett, which confidential, proprietary and trade secret information Defendant Shacklett then misappropriated for the benefit of his new employer, CCL, who regularly operates within the District and Division at its Strongsville, Ohio location.

## FACTUAL ALLEGATIONS

8.      Plaintiff Lux is in the business of providing custom label printing services, providing labels for health and beauty products, batteries, tubes, medicine and a variety of other items.  Lux has national and international operations.

9.      Plaintiff Lux is owned, in part, by The Resilience Fund IV, L.P. and The Resilience Fund IV-A, L.P. (together, "Resilience"), both of which are Delaware limited partnerships with a principal place of business in Cleveland, Ohio. Further, Resilience is managed by Resilience Management, LLC ("Resilience Management"), an Ohio limited liability

company with a principal place of business in Cleveland, Ohio.  Resilience Management has a responsibility to Resilience and its investors to manage the business and affairs of Lux, and to ensure the growth and long-term success of Lux.

10.     On or about April 14, 2017, Lux purchased certain assets and equity interests in subsidiaries of National Label Company ("NLC"), a family-owned labelling company, owned and operated by the Shacklett family.  Included in Lux's purchase was NLC's century-old experience and reputation including the goodwill and other intangible assets of NLC.

11.     Defendant James H. Shacklett IV ("Defendant Shacklett") was the Chief Executive Officer ("CEO") of National Label Company Asia, Pte. Ltd. ("NLC Asia"), a subsidiary of NLC and the equity of which was purchased by Lux.

12.     As CEO of NLC Asia, Defendant Shacklett's job duties were to oversee NLC Asia's entire operations in Singapore, including, but not limited to, supply chain, sales, customer relationships, sales force management, pricing and new product development.

13.     In the months prior to Lux's purchase of NLC, Defendant Shacklett also played a critical role in the restructuring and sale of NLC.  During the sale process, Defendant Shacklett regularly acted as the liaison between NLC and customers, suppliers and prospective buyers, and managed plant scheduling. In his role with NLC during the sales process, Defendant Shacklett was also Lux's primary source of information pertaining to NLC. He had access to highly confidential and proprietary information regarding financials, sales, pricing and customer information, such as key contacts and preferences, quotes, employee sales records, job capabilities, personnel contact information, and various other pieces of highly confidential and proprietary information across all of the NLC entities.

4

14. Defendant Shacklett also had intimate knowledge of certain assets of NLC that were acquired by Lux, including the intangible information, reputation, experience and goodwill of NLC that Lux was purchasing. Defendant Shacklett was further cloaked with the authority to make representations on behalf of NLC during the sale.

15. After the purchase, Lux hired Defendant Shacklett as Chief Operating Officer ("COO") of Lux. In addition, Defendant Shacklett continued to oversee Lux's operations in Singapore. Defendant Shacklett's responsibilities included, but were not limited to, promoting Lux's products, overseeing and managing significant customer relationships, identifying and qualifying new business opportunities, managing new product development and supply chain operations, and supporting customer relationships with Lux's most significant customers.

16. During his employment with Lux, Defendant Shacklett attended several meetings on behalf of Lux, including a Board meeting on July 7, 2017 in the Cleveland, Ohio area where highly confidential and strategic information was discussed regarding Lux's financials, projected growth, sales revenue, and business developments. Only the highest level of senior management at Lux, including Defendant Shacklett, attended this July Board meeting.

17. During his employment with NLC and Lux, Defendant Shacklett had extensive access to highly valuable, confidential and proprietary information that now belongs to Lux. This information included, but was not limited to, financial data, marketing information, development plans, clientele lists, equipment capabilities and capacities, supplier pricing, customer pricing, inventory quantities and programs, sales data, market comparison, employee capabilities and personal contact information, and technological developments. This information, if it were to become publicly known or put in the hands of a competitor, would jeopardize the existence of Lux.

18.     All of this information is confidential and proprietary, is not publicly known, has been generated and cultivated over many years by Lux, and its predecessor, NLC, and gives Lux a substantial advantage over its competitors.

19.     Lux, and its predecessor, NLC, engaged in reasonable efforts to preserve the secrecy of its confidential and proprietary information by taking steps including, but not limited to, storing sensitive files on separate network drives with restricted access through individual login and password protection.  Access to sensitive information was limited and shared with only high-level management employees and officers. Access to sensitive information was further limited to the Company's network drives and operating systems. Lux also prohibits non-employees' unsupervised access to non-public areas of their offices, and monitors employee telephone and computer usage.

20.     After having worked for Lux for several months and having attended and participated in several high-level officer meetings and conference calls during which Lux discussed highly confidential and proprietary information in detail, Defendant Shacklett inexplicably submitted his resignation from Lux on August 2, 2017 to Scott Watson in Beachwood, Ohio, effective immediately. (Shacklett Resignation Notice, Exhibit A).

21.     Lux also discovered that in the week prior to his August 2, 2017 resignation, Defendant surreptitiously attached an external storage device to his work computer and downloaded Lux's records and likewise attempted to delete confidential and proprietary records belonging to Lux. These records included Lux pricing lists and customer analysis, which included key contact information, customer needs and demands, marketing strategies and data comparisons.

22.     Upon information and belief, while employed with Lux, Defendant Shacklett was

6

working for the benefit of another employer, in direct competition with Lux.

23.    After his unexpected resignation, Defendant Shacklett immediately began working and/or providing services to Defendants CCL, Lux's direct competitor.

24.    Defendants CCL, like Lux, are in the business of providing custom label printing services, providing labels for health and beauty products, batteries, tubes, medicine and a variety of other items.  Defendants CCL have national and international operations, including a location in Strongsville, Ohio.

25.    Despite several requests asking Defendant Shacklett to confirm that he would not use Lux's confidential and proprietary information, Defendant Shacklett refused to make any such confirmation and has not returned any information, devices or records that he took from Lux.

26.    On August 31, 2017, Plaintiff wrote to Defendant Shacklett, with a copy to Defendant Shacklett's new employer, Defendants CCL, again asking Defendant Shacklett to confirm that he does not have and does not intend to use Lux's confidential, proprietary, and trade secret information. (Letter dated August 31, 2017 attached as Exhibit B).

27.    Defendant Shacklett never responded to Plaintiff's August 31, 2017 letter. Instead, Defendant Shacklett's new employer, Defendants CCL, responded from its Strongsville, Ohio location and refused to require Defendant Shacklett's return of Lux's confidential, proprietary and trade secret information and further directed all further communications to CCL's attention in Strongsville, Ohio. (Letter dated September 18, 2017 attached as Exhibit C).

28.    Defendant Shacklett continues to possess Lux's confidential, proprietary and trade secret information and neither Defendant Shacklett, nor his employer, Defendants CCL, have returned any information, devices or records that Defendant Shacklett took from Lux.

29.    Defendants have used Lux's confidential, proprietary, and trade secret information that Defendant Shacklett misappropriated to contact and solicit customers and employees of Lux for purposes of inducing them to terminate their relationship with Lux and form a new relationship with Lux's competitor, Defendants CCL.

## COUNT ONE: MISAPPROPRIATION OF TRADE SECRETS
### UNDER THE DEFEND TRADE SECRETS ACT
#### (Against All Defendants)

30.    Plaintiff incorporates herein by reference all allegations set forth in Paragraphs 1 through 29 as if fully rewritten herein.

31.    The confidential and proprietary information to which Defendant Shacklett was exposed and had access, as described in this Complaint, constitute trade secrets within the meaning of 18 U.S.C. §1839(3).

32.    Lux and its predecessor took reasonable steps to protect their confidential, proprietary and trade secret information.

33.    In July and August 2017, Defendant Shacklett, without justification or privilege, misappropriated Lux's trade secrets related to products or services used in, or intended for use in, interstate or foreign commerce by, among other actions, retaining and using confidential, proprietary, and trade secret information from his former position at Lux and its predecessor, NLC.

34.    In July and August 2017, Defendant Shacklett, without justification or privilege to do so, further misappropriated Lux's trade secrets related to products or services used in, or intended for use in, interstate or foreign commerce by, among other things, using and disclosing Lux's confidential, proprietary, and trade secret information to further his business interests, and the interests of his new employer, Defendants CCL, and to directly compete with Lux.

35.     Upon information and belief, in June, July and August 2017, Defendant Shacklett began communicating with Defendants CCL about his future employment and the disclosure of Lux's confidential, proprietary and trade secret information.

36.     Defendants used Lux's confidential, proprietary and trade secret information in their operations, solicitation of business and employees, and to unfairly compete with Lux.

37.     Defendants have repeatedly refused to return Lux's confidential, proprietary and trade secret information in their possession.

38.     As a direct and proximate result of this misappropriation of its trade secrets, Lux has lost its competitive position, lost its goodwill, lost sales, and lost its investment in time and energy in generating its confidential information.

39.     Lux faces immediate and irreparable injury, loss, or damage as a result of the misappropriation of its confidential and proprietary trade secrets.

40.     Lux is entitled to damages in a monetary amount to be proven at trial, but which in no event is less than seventy-five thousand dollars ($75,000) for that harm which is compensable. For damages that are irreparable, Lux is entitled to a temporary restraining order, preliminary injunctive relief, and permanent injunctive relief enjoining and restraining Defendants from taking, using, retaining, or disclosing Lux's confidential proprietary information; and further requiring Defendants to return to Lux all of its misappropriated confidential proprietary information.

### COUNT TWO: MISAPPROPRIATION OF TRADE SECRETS UNDER OHIO LAW (Against All Defendants)

41.     Lux incorporates herein by reference all allegations set forth in Paragraphs 1 through 40 as if fully rewritten herein.

42.     The confidential and proprietary information to which Defendant Shacklett was exposed and had access as described in this Complaint, constitute trade secrets within the meaning of Section 1333.61(D) of the Ohio Revised Code.

43.     Lux and its predecessor took reasonable steps to protect their confidential, proprietary and trade secret information.

44.     On July 7, 2017, Lux disclosed confidential, proprietary, and trade secret information to Defendant Shacklett at a Board meeting within this District including the following: Lux's financials, projected growth, sales revenue, and business developments.

45.     Defendant Shacklett, without justification or privilege, misappropriated Lux's trade secrets by, among other actions, retaining and using confidential, proprietary and trade secret documents and information from his former position with Lux and its predecessor, NLC. Included in the information taken was information that Defendant received in this District.

46.     Defendant Shacklett has further, without justification or privilege, misappropriated Plaintiffs' trade secrets by, among other actions, using and disclosing Plaintiff's confidential, proprietary and trade secret information to further his business interests and the business interests of his new employer, Defendants CCL to directly compete with Lux.

47.     Upon information and belief, in June, July and August 2017, Defendant Shacklett began communicating with Defendants CCL about his future employment and the disclosure of Lux's confidential, proprietary and trade secret information.

48.     Defendant Shacklett engaged in this unlawful misappropriation of Lux's trade secrets by, among other actions: transferring Lux's confidential, proprietary, and trade secret information to external storage devices; then attempting to delete this illegal activity from the computer in order to use these confidential trade secrets in direct competition with Lux; utilizing

confidential and non-public information about Lux's employees to solicit them; and disclosing all of this information in order to further the business interests of his new employer, Defendants CCL, a direct competitor.

49.     Defendants used Lux's confidential, proprietary and trade secret information in their operations, solicitation of business and employees, and to compete unfairly with Lux.

50.     Defendants have repeatedly refused to return Lux's confidential, proprietary and trade secret information in their possession.

51.     As a direct and proximate result of this misappropriation of its trade secrets, Lux has lost its competitive position, lost its goodwill, lost sales, and lost its investment in time and energy in generating its confidential information.

52.     Lux faces immediate and irreparable injury, loss, or damage as a result of the misappropriation of its confidential and proprietary trade secrets.

53.     Lux is entitled to damages in a monetary amount to be proven at trial, but which in no event is less than seventy-five thousand dollars ($75,000) for that harm which is compensable.  For damages that are irreparable, Lux is entitled to a temporary restraining order, preliminary injunctive relief, and permanent injunctive relief enjoining and restraining Defendants from taking, using, retaining, or disclosing Lux's confidential proprietary information; and further requiring Defendants to return to Lux all of its misappropriated confidential proprietary information.

## COUNT THREE: TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIPS
### (Against All Defendants)

54.     Lux incorporates herein by reference all allegations set forth in Paragraphs 1 through 53 as if fully rewritten herein.

55.     Defendant Shacklett was aware of Lux's relationship with its customers, and, without justification or privilege, Defendant Shacklett intentionally and wrongfully interfered with Lux's relationship with its customers by soliciting and continuing to solicit Lux's customers to terminate their business with Lux and transfer business to Defendant Shacklett's new employer, CCL.

56.     Defendant Shacklett was aware of Lux's relationship with its employees, and, without justification or privilege, Defendant Shacklett intentionally and wrongfully interfered with Lux's relationship with its employees by using confidential and proprietary knowledge of Lux's workforce and personal contact information to solicit Lux's employees and induce them to terminate their relationship with Lux and begin employment with Defendant's new employer, Defendants CCL.

57.     Defendant Shacklett was aware of his and NCL's obligations to Lux, as well as the assets and information purchased by Lux, and, without justification or privilege, Defendant Shacklett intentionally and wrongfully interfered with Lux's ability to gain the full benefit of its bargain with he and NCL by taking, using, and disclosing protected confidential and proprietary information that Lux purchased to engage in competitive activity with Lux.

58.     By engaging in the above-described conduct, Defendant Shacklett knowingly, maliciously, willfully and intentionally interfered with Lux's business, employment, and contractual relationships.

59.     As a direct and proximate result of Defendant Shacklett's wrongful interference, Lux has lost its competitive position, lost its goodwill, lost sales, and lost its investment in time and energy in generating its confidential information.

60.     Defendants CCL were aware of Lux's relationship with Defendant Shacklett and Lux's customers, and, without justification or privilege, Defendants CCL intentionally and wrongfully interfered with Lux's relationships by soliciting and continuing to solicit Lux's employees and customers to terminate their relationships and business with Lux, leave working for Lux and to transfer business to Defendants CCL.

61.     Defendants CCL were aware of Lux's relationships with its employees, and, without justification or privilege, Defendants CCL intentionally and wrongfully interfered with Lux's relationship with its employees by using confidential and proprietary knowledge of Lux's workforce and personal contact information to solicit Lux's employees and induce them to terminate their relationship with Lux and begin employment with Defendants CCL.

62.     In engaging in the above-described conduct, Defendants CCL knowingly, maliciously, willfully and intentionally interfered with Lux's business, employment, and contractual relationships.

63.     As a direct and proximate result of Defendants CCL's wrongful interference, Lux has lost its competitive position, lost its goodwill, lost sales, and lost its investment in time and energy in generating its confidential information.

64.     Lux faces immediate and irreparable injury, loss, or damage as a result of Defendants' tortious interference.

65.     Lux is entitled to damages, including punitive damages, in a monetary amount to be proven at trial, but which in no event is less than seventy-five thousand dollars ($75,000) for that harm which is compensable.  For damages that are irreparable, Lux is entitled to a temporary restraining order, preliminary injunctive relief, and permanent injunctive relief enjoining and restraining Defendants from taking, using, retaining, or disclosing Lux's confidential proprietary

information; and further requiring Defendants to return to Lux all of its misappropriated confidential proprietary information.

## COUNT FOUR: BREACH OF FIDUCIARY DUTY, GOOD FAITH AND LOYALTY
### (Against Defendant Shacklett)

66.     Lux incorporates herein by reference all allegations set forth in Paragraphs 1 through 65 as if fully rewritten herein.

67.     Defendant Shacklett was in a high-level position of confidence and trust at Lux and its predecessor, NLC, such that a fiduciary relationship existed between Defendant Shacklett and Lux, and its predecessor, NLC.

68.     As a CEO at NLC and COO at Lux, Defendant Shacklett was in the position to make decisions, and manage operations on behalf of both companies. He likewise, had access to confidential and proprietary information regarding Lux and its predecessor, NLC's financials, sales, and growth reports.

69.     By reason of this relationship, Defendant Shacklett had a duty to exercise the highest degree of skill, care, good faith, and loyalty in protecting the interests of Lux and its predecessor.

70.     Defendant Shacklett willfully, maliciously and consciously disregarded Lux's rights, breached his fiduciary duties, including the duties of loyalty and good faith to Lux and its predecessor by working against Lux's interests, by taking and disclosing Lux's confidential and proprietary information, by soliciting Lux's employees to leave and work for a competitor, and his new employer, Defendants CCL, and by working for Defendants CCL, a direct competitor of Lux and engaging in self-dealing all while still employed by Lux and Lux's predecessors.

71.     As a direct and proximate result of Defendant Shacklett's wrongful actions, Lux has lost its competitive position, lost its goodwill, potentially lost sales, and lost its investment in

time and energy in generating its confidential information.

72.     Lux faces immediate and irreparable injury, loss, or damage as a result of the misappropriation of its confidential and proprietary trade secrets.

73.     Lux is entitled to damages, including punitive damages, in a monetary amount to be proven at trial, but which in no event is less than seventy-five thousand dollars ($75,000) for that harm which is compensable. For damages that are irreparable, Lux is entitled to a temporary restraining order, preliminary injunctive relief, and permanent injunctive relief enjoining and restraining Defendants from taking, using, retaining, or disclosing Lux's confidential proprietary information; and further requiring Defendants to return to Lux all of its misappropriated confidential proprietary information.

## COUNT FIVE: CONVERSION
### (Against All Defendants)

74.     Plaintiff incorporates herein by reference all allegations set forth in Paragraphs 1 through 73 as if fully rewritten herein.

75.     Plaintiff has, at all relevant times, been the owner of its confidential and proprietary information and property, including but not limited to, the financial data, pricing information, customer lists and analysis, workforce information and plans for ongoing and future business.

76.     After the termination of his employment with Plaintiff, Defendant Shacklett did not immediately return all of Plaintiff's confidential information and property. Instead, Defendant Shacklett disclosed Plaintiff's confidential information and property to his new employer, Defendants CCL.

77.     Despite a letter demanding the return of its confidential and proprietary

information and property, Defendants CCL either inquired and refused to require Defendant Shacklett to return the information in his possession or did not inquire and allowed Defendant Shacklett to maintain information that he knew belonged to Plaintiff. As a result, despite this demand, Defendants CCL knew or should have known that Defendant Shacklett continued to possess Plaintiff's confidential and proprietary information.

78.     Defendants have taken and unlawfully converted Plaintiff's confidential information and property, such as financial data, intellectual property, business strategies, customer lists, pricing data, workforce information and plans for ongoing and future business to further their business interests to the detriment of Plaintiff.

79.     To date, Defendants refuse to return Plaintiff's confidential information and property that remains in their possession.

80.     As a direct and proximate result of Defendants' unlawful conversion of Plaintiff's confidential information and property, Lux has lost its competitive position, lost its goodwill, potentially lost sales, and lost its investment in time and energy in generating its confidential information.

81.     Lux faces immediate and irreparable injury, loss, or damage as a result of the misappropriation of its confidential and proprietary trade secrets.

82.     Lux is entitled to damages, including punitive damages, in a monetary amount to be proven at trial, but which in no event is less than seventy-five thousand dollars ($75,000) for that harm which is compensable. For damages that are irreparable, Lux is entitled to a temporary restraining order, preliminary injunctive relief, and permanent injunctive relief enjoining and restraining Defendants from taking, using, retaining, or disclosing Lux's confidential information

16

and property; and further requiring Defendants to return to Lux all of its property and information.

## COUNT SIX: UNJUST ENRICHMENT
### (Against All Defendants)

83.     Plaintiff incorporates herein by reference all allegations set forth in Paragraphs 1 through 82 as if fully rewritten herein.

84.     Plaintiff has, at all relevant times, been the owner of its confidential and proprietary information and property, including but not limited to, the financial data, pricing information, customer lists and analysis, workforce information and plans for ongoing and future business.

85.     After the termination of his employment with Plaintiff, Defendant Shacklett did not immediately return all of Plaintiff's confidential information and property. Instead, Defendant Shacklett disclosed Plaintiff's confidential information and property to his new employer, Defendants CCL.

86.     Upon information and belief, Defendants have benefitted by using Plaintiff's confidential information and property, including financial data, intellectual property, business strategies, customer lists, pricing data, workforce information and plans for ongoing and future business to further their business interests.

87.     Based upon Plaintiff's repeated communications with both Defendant Shacklett and Defendants CCL, Defendants are aware of the above-described benefit having been conferred.

88.     However, Defendants have not paid for the benefit and have retained said benefit.

89.     Lux faces immediate and irreparable injury, loss, or damage as a result of Defendants' unjust enrichment.

90.     Lux is entitled to damages, including punitive damages, in a monetary amount to be proven at trial, but which in no event is less than seventy-five thousand dollars ($75,000) for that harm which is compensable. For damages that are irreparable, Lux is entitled to a temporary restraining order, preliminary injunctive relief, and permanent injunctive relief enjoining and restraining Defendants from taking, using, retaining, or disclosing Lux's confidential information and property; and further requiring Defendants to return to Lux all of its property and information.

## COUNT SEVEN: CIVIL CONSPIRACY
### (Against All Defendants)

91.     Lux incorporates herein by reference all allegations set forth in Paragraphs 1 through 90 as if fully rewritten herein.

92.     On July 7, 2017, Lux disclosed confidential, proprietary, and trade secret information to Defendant Shacklett at a Board meeting within this District including the following: Lux's financials, projected growth, sales revenue, and business developments.

93.     Defendant Shacklett, without justification or privilege, misappropriated Lux's trade secrets by, among other actions, retaining and using confidential, proprietary and trade secret documents and information from his former position with Lux and its predecessor, NLC, including information that Defendant Shacklett received in this District.

94.     Defendant Shacklett has further, without justification or privilege, misappropriated Plaintiffs' trade secrets by, among other actions, using and disclosing Plaintiff's

confidential, proprietary and trade secret information to further his business interests and the business interests of his new employer, Defendants CCL to directly compete with Lux.

95.    Upon information and belief, in June, July and August 2017, prior to leaving his employment with Lux, Defendant Shacklett began communicating with Defendants CCL about his future employment, the disclosure of Lux's confidential, proprietary and trade secret information, and working together to maliciously injure Lux.

96.    Defendant Shacklett thereafter unlawfully misappropriated Lux's trade secrets by, among other actions: transferring Lux's confidential, proprietary, and trade secret information to external storage devices; then attempting to delete this illegal activity from the computer in order to use these confidential trade secrets in direct competition with Lux; utilizing confidential and non-public information about Lux's employees to solicit them; and disclosing all of this information in order to further the business interests of his new employer, Defendants CCL, a direct competitor.

97.    Defendant Shacklett further attempted to delete and/or damage Lux's confidential, proprietary, and trade secret information.

98.    Defendants used Lux's confidential, proprietary and trade secret information in their operations, solicitation of business and employees, and to compete unfairly with Lux and maliciously injure Lux.

99.    As a direct and proximate result of this civil conspiracy, Lux has lost its competitive position, lost its goodwill, lost sales, and lost its investment in time and energy in generating its confidential information.

100.    Lux faces immediate and irreparable injury, loss, or damage as a result of the civil conspiracy.

101.    Lux is entitled to damages in a monetary amount to be proven at trial, but which in no event is less than seventy-five thousand dollars ($75,000) for that harm which is compensable.  For damages that are irreparable, Lux is entitled to a temporary restraining order, preliminary injunctive relief, and permanent injunctive relief enjoining and restraining Defendants from taking, using, retaining, or disclosing Lux's confidential proprietary information; and further requiring Defendants to return to Lux all of its misappropriated confidential proprietary information.

## REQUEST FOR TEMPORARY RESTRAINING ORDER
## AND PRELIMINARY INJUNCTION

102.    Federal Civil Rule 65 allows this Honorable Court to issue temporary and preliminary injunctive relief under the circumstances verified in this First Amended Complaint.

103.    In this case, Lux submits the specific facts referenced in this First Amended Complaint that justify injunctive relief.

104.    Defendant Shacklett's unlawful misappropriation and use and disclosure of Lux's confidential and proprietary information extends beyond Defendant Shacklett to Defendants CCL, Defendant's new employer and a direct competitor of Lux.

105.    Defendants have already used Lux's information in direct competition with Lux. This has included using Plaintiff's confidential and proprietary information to solicit employees of Plaintiff. Further use and disclosure of Lux's confidential and proprietary information will jeopardize Lux's ability to fairly compete in the marketplace and give Defendants an unfair and unlawful advantage.

106.    For this reason, Lux seeks a temporary restraining order and preliminary injunction to prevent this immediate and irreparable harm.

## DAMAGES

WHEREFORE, Plaintiff, Lux Global Label Company, LLC respectfully requests that this Court enter judgment in their favor and against James H. Shacklett IV and CCL Industries Corporation on the Complaint as follows:

1.      That this Court require Defendants, and any other person or entity acting in aid or concert, or in participation with him, to immediately return all of Lux's property, including any external storage devices keeping no copy;

2.      That this Court permanently enjoin Defendants and any other person or entity acting in aid or concert, or in participation with him, from retaining, using, or disclosing Lux's confidential, proprietary and trade secret information in any form;

3.      That this Court order a civil seizure from Defendants of Lux's property;

4.      That Lux be awarded compensatory, punitive and/or liquidated damages in an amount not ascertainable at this time, but in excess of $75,000.00;

5.      That Lux be awarded a royalty in an amount not ascertainable at this time, but in excess of $75,000.00;

6.      That Lux be awarded exemplary damages in an amount not ascertainable at this time, but in excess of $75,000.00;

7.      That Lux be awarded their reasonable attorneys' fees and costs;

8.      Such other relief in Lux's favor that the Court deems just, and required under the circumstances of this case and under state and federal law.

Respectfully submitted,

ZASHIN & RICH CO., L.P.A.

_s/ Ami J. Patel_____
Stephen S. Zashin (#0064557) ssz@zrlaw.com

Ami J. Patel (#0078201) ajp@zrlaw.com
Christopher D. Caspary (#0091350) cdc@zrlaw.com
Ernst & Young Tower
950 Main Avenue, 4th Floor
Cleveland, OH 44113
T: (216) 696-4441
F: (216) 696-1618

*Attorneys for Lux Global Label Company, LLC*

## JURY DEMAND

Plaintiff demands a trial by jury on all claims so triable.

    *s/Ami J. Patel*_____
Stephen S. Zashin (#0064557) ssz@zrlaw.com
Ami J. Patel (#0078201) ajp@zrlaw.com
Christopher D. Caspary (#0091350) cdc@zrlaw.com

*Attorneys for Lux Global Label Company*

## **VERIFICATION**

STATE OF OHIO          )
                              )   SS:
COUNTY OF CUYAHOGA   )

I swear that the facts recited in the foregoing First Amended Verified Complaint for Temporary Restraining Order, Preliminary Injunction, Permanent Injunction and Other Relief are true to the best of my knowledge.

                                                    Steven Rosen, President
                                                    Lux Global Label Company, LLC

SWORN TO BEFORE ME and subscribed in my presence this __1st__ day of __February,__2018.



                            Emily Claire Firrell.
                            Notary Public
                            My commission expires on: Jan 25, 2020.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 1, 2018 a true and correct copy of *Plaintiff's First Amended Complaint* was served to counsel of record for James H. Shacklett via the Court's electronic filing system and via process server and Federal Express upon the following:

CCL INDUSTRIES CORPORATION (d/b/a CCL Label and CCL Tube)
c/o Statutory Agent
Corporation Services Company
50 West Broad Street, Suite 1330
Columbus, Ohio 43215

And

17700 Foltz Parkway
Strongsville, Ohio 44149

ZASHIN & RICH CO., L.P.A.

*s/ Ami J. Patel*_____
Stephen S. Zashin (#0064557) ssz@zrlaw.com
Ami J. Patel (#0078201) ajp@zrlaw.com
Christopher D. Caspary (#0091350) cdc@zrlaw.com
Ernst & Young Tower
950 Main Avenue, 4th Floor
Cleveland, OH 44113
T: (216) 696-4441
F: (216) 696-1618

*Attorneys for Lux Global Label Company, LLC*